IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RAYMOND VALERO | § | |
| VS. | § | CIVIL ACTION NO. 9:16cv41 |
| ADMINISTRATION HUNTSVILLE | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Plaintiff Raymond Valero, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

<u>Factual Background</u>

Plaintiff complains his trust fund was closed by a prison administrator employed at the Inmate Trust Fund located in Huntsville, Texas. Plaintiff claims the account was closed to enforce a disciplinary fine levied against him.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or the district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, the plaintiff complains of an act taken by an employee of the Inmate Trust Fund located in Huntsville, Walker County, Texas. Further, the only defendant regarding this claim is located in Huntsville, Walker County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Walker County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Walker County is located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has considered the circumstances and has determined that the interests of justice would best be served if the complaint was transferred to the district in which the claim arose and the only defendant resides. Therefore, this action should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

SIGNED this 13th day of October, 2016.

_____
Zack Hawthorn
United States Magistrate Judge